108 F.3d 1379
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Pastori M. BALELE, Plaintiff-Appellant,
v.
Paul BARNETT, et al., Defendants-Appellees.
 No. 96-1133.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 5, 1997.[1]
Decided March 13, 1997.
 
 Before BAUER, COFFEY and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Plaintiff Pastori M. Balele, a Wisconsin state employee, files his eighth appeal in this court, all of which have involved his many lawsuits related to a series of promotions he was denied by his employer.
 
 
 2
 In this civil rights action, 42 U.S.C. § 1983, Balele sues four Wisconsin Department of Justice (DOJ) attorneys and a legal assistant, all of whom worked on a state garnishment action against Balele. The garnishment suit sought approximately $3,000 for costs awarded to the Wisconsin DOJ by the Wisconsin courts after Balele lost four civil rights actions against the State of Wisconsin.[2] The district court granted defendants' motion for summary judgment.
 
 
 3
 Balele alleges that a garnishment action was filed in retaliation for his having won on a jurisdictional motion before this court in an earlier appeal. Balele offers nothing of any substance in support of his retaliation theory. The fact that Balele was successful in this court on a jurisdictional motion utterly fails to indicate any merit to his legal antics, since the disposition of the motion turned on a technical legal point, not on the merits of his underlying charges. Consequently, we find this appeal frivolous.
 
 
 4
 It is apparent from Balele's constant harassment of state and federal agencies and courts over a period of years that he has no intention of ending (or even curtailing) his barrage of papers, motions, and various pleadings, none of which have been found meritorious by any court. In addition, he has wilfully failed to pay costs awarded by state or federal courts, resulting in the need for garnishment actions such as the one that triggered this frivolous appeal. In accordance with Fed.R.App. 38, we now notify Balele that we propose to enter an order restricting his future filings in the federal court of this Circuit. Balele has 14 days from the date of this order to file a response to this notice. The appellees will be permitted to file a response within the same time period if they wish.
 
 
 5
 AFFIRMED.
 
 
 
 [1]
 After an examination of the appellant's brief and the record, we have concluded that oral argument is unnecessary; accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f). We also note that the appellees have indicated to the court their view that no oral argument is necessary
 
 
 [2]
 Both the federal district court and the Wisconsin Court of Appeals refused Balele's requests to stay the state court garnishment order